# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2021

Lyle W. Cayce
Clerk

No. 20-60002
Summary Calendar

VLADIMIR BYKOV, *also known as* VLADIMIR N. BYKOV,

*Petitioner*,

*versus*

ROBERT M. WILKINSON, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 187 206

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Vladimir Bykov, a native and citizen of Russia, was admitted to the United States in 2000, as a nonimmigrant worker with authorization to remain for a temporary period not to exceed June 30, 2002. In 2010, he was served with a Notice to Appear, charging him with remaining in the United

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60002

States for a time longer than permitted. He has filed a petition seeking review of the decision by the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's (IJ) denial of his applications for asylum and withholding of removal. He has abandoned, for failure to brief, any challenge to the BIA's denial of protection under the Convention Against Torture. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Because the IJ's decision influenced the BIA's decision, both decisions are reviewable. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review the BIA's factual findings for substantial evidence and its legal conclusions de novo. *Id.*; *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

Both the IJ and the BIA found that Bykov was not entitled to relief because he failed to show that his fear of persecution was objectively reasonable. In order to establish that a fear of persecution is objectively reasonable, the applicant can show that he would be singled out for persecution or that there exists a pattern or practice of persecution of a group similarly situated. *Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005).

The crux of Bykov's claim is that, were he to return to Russia, the Russian government would identify him as a scientist who once studied nuclear physics, the government would offer him a job in the field of nuclear science, he would refuse to accept the job, the government would discover or assume that he refused to accept the job due to his pro-democracy political opinions, and the government would persecute him due to some combination of his refusal to work and his political opinions. However, Bykov presented no evidence to support his claim that the Russian government forces similarly situated scientists to work for the government and persecutes them if they refuse. Thus, he has not shown that his "situation will probably result in persecution" or "that persecution is a reasonable probability," *INS v. Cardoza-Fonseca*, 480 U.S. 421, 440 (1987) (internal quotation marks and

No. 20-60002

citation omitted), or that the evidence otherwise compels a result contrary to that reached by the IJ and BIA, *see Zhao*, 404 F.3d at 306.

Accordingly, Bykov has failed to show that he is eligible for asylum. *See Wang*, 569 F.3d at 536.  He has also failed to meet the higher standard of showing that he is entitled to withholding of removal.  *See Efe*, 293 F.3d at 906.  The petition for review is DENIED.